J. W. Cole v. St. Louis Southwestern Railway Company.

Decided June 13, 1906.

**Railway—Killing Stock—Fence—Defective Gate—Negligence.**

The railway track being fenced, a gate was put therein for the convenience of the owner of adjoining land, with a device for automatically closing and latching, which was suffered to get out of order so that it was necessary for those using it to tie it with a rope. Plaintiff's horse, entering thereby when it was neither latched nor tied, was killed by a train. Held, that there was sufficient evidence of defendant's negligence in failing to keep the gate in repair to require submission to the jury.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

On appeal from Justice Court, where plaintiff prevailed, the district judge directed a verdict for defendant, and plaintiff appealed.

*Miller & Royall,* for appellant.—The first duty on the railroad company to keep the gates in repair, and then the landowner, or person in possession of the premises, is required to keep the gates shut. Texas & Pac. Ry. Co. v. Glenn, 30 S. W. Rep., 845; Missouri, K. & T. Ry. Co. of Texas v. Johnson, 39 S. W. Rep., 323; Galveston, H. & S. A. Ry. Co. v. Wessendorf, 39 S. W. Rep., 132; Missouri, K. & T. Ry. Co. v. Bellows,

39 S. W. Rep., 1000; St. Louis, S. W. Ry. Co. v. Adams, 58 S. W. Rep., 1035.

*E. B. Perkins* and *Frost & Neblett,* for appellee.—We think the following authorities sustain the charge of the court in instructing a verdict in favor of appellee. Missouri, K. & T. v. Hanacek, 93 Texas, 451; Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 303; St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 236; Missouri, K. & T. v. Johnson, 39 S. W. Rep., 323.

EIDSON, ASSOCIATE JUSTICE.—This is an action by appellant against appellee for damages resulting from the alleged killing by one of appellee's engines of a horse owned by appellant. The suit originated in the Justice's Court, in which appellant obtained a judgment from which appellee appealed to the District Court, where, after appellant introduced his evidence, the court peremptorily instructed the jury to return a verdict for the appellee, and this action of the court is assigned as error by appellant. Appellant's contention under this assignment is that there was sufficient evidence adduced upon the trial showing liability upon the part of appellee for the damages resulting from the killing of the horse to submit the question to the jury for their determination, and we are disposed to agree with appellant in this contention.

The testimony tends to show that the track of appellee was fenced, but that a gate was constructed by appellee near the point where the horse was killed for the convenience of the owner of the adjoining lands, and which were at the time the horse was killed in the possession of appellant, and that this gate was left open on this occasion, and that the horse passed through it and went onto appellee's right of way and track and was killed by one of its engines. The testimony also tends to show that this gate was out of repair on this occasion and had been for some time previously; that it was originally constructed with a patent latch, so that after being opened it would swing back and latch or fasten automatically, but at this time and for some time previously, the post to which the gate was swung had given way or settled to such extent that it leaned forward, so that the patent latch would not operate and fasten the gate, and that the gate could swing backward and forward passing the latch-post, so that stock could pass through the opening, and that the only way the gate could be kept fastened was by tying it with a rope, and that appellant's landlord had furnished a rope with which to tie the gate, and thus fasten it, but when the rope was not used to fasten the gate stock would pass through.

The testimony tends to show that both appellant and his landlord informed the section foreman and other employes of appellee a number of times before the horse was killed of the defective condition of the gate, and requested them to have same repaired which they failed to do; that in order to have repaired the gate so that it would properly fasten, it would have been necessary to put in a new post and tighten the fence adjoining it, which would have cost about $10.

We think this testimony entitled the appellant to have the case submitted to the jury. The law makes railroad companies liable for the value of stock killed or injured by their locomotives and cars independent of

any negligence on their part when their tracks are not fenced, but when the tracks are fenced they are only held liable for injuries resulting from want of ordinary care.    (Sayles Rev. Stat., art. 4528.)    If a railroad company constructs a gate as a part of the fence enclosing its right of way for the convenience of the owner of the adjoining land, it is its duty to exercise ordinary care to keep such gate in repair, so that same may be properly closed; and when that is done, it devolves upon the owner of the land, or person occupying same, to keep the gate closed.    If the railroad company fails to exercise ordinary care to keep such gate in repair, and on account of such failure the stock of the owner of the adjoining land goes upon the track of such railroad company and is killed, it will be liable for the damages resulting therefrom.    (Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 303; St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 236.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*